## OCTOBER SITTINGS, 1825.

### CORAM EDWARDS, J.

### DUNLOP *against* WHITLOCK et al.

Where there is evidence tending to show that an agent has not sold goods entrusted to him, but has converted them to his own use, a bill of particulars, treating them as goods sold, is *prima facie* correct.  And it is a question for the jury whether the agent has so converted them.  And if they find that fact affirmatively, they will be directed that the plaintiff had the right, at his election, to consider him a purchaser.

ASSUMPSIT.   The declaration contained counts for goods sold and delivered, together with the common money counts, for money had and received, money paid, &c.

Plea, non-assumpsit.

In the progress of the suit, the defendant, according to the practice of the court, had demanded a bill of the particulars of the plaintiff's claim.   This was accordingly rendered by the plaintiff, entitled as follows:

"Plaintiff's bill of particulars, of ale sold to the defendants, for which this suit is brought."   Then followed the dates, quantities and prices.

It appeared, in evidence, that the goods mentioned in the bill of particulars had been delivered to the defendant to sell, as agent for the plaintiff; but it also appeared doubtful whether he had sold them or converted them to his own use.

*Anthon*, for defendant, insisted that the plaintiff, by his bill of particulars, had confined himself to the count for

goods sold and delivered, and, as there had been no sale, there could be no recovery. He cited *Holland* v. *Hopkins*, 3 Esp. 168, and the same case, 2 Bos. & Pul. 243.(1)

*Slosson*, contra.

EDWARDS, J.   The rule, as laid down in the case cited by the defendant's counsel, is certainly correct.   There the proof was full that he had sold the goods, and the money consequently in his hands, was for the use of the plaintiff, and could only be recovered under that count.   But, here, there is no certain evidence of any sale by the defendants. There is, on the contrary, room to infer that they have converted these goods to their own use.   I shall leave that fact to the jury, and shall rule that if the defendants, instead of selling the goods, have converted them to their own use, they have become purchasers at the election of the plaintiff, and consequently that they are entitled to recover on the count for goods sold.

The case went to the jury under this charge, and they found for the plaintiff.

*Van Vechten* and *Slosson*, for plaintiff.

*Anthon*, for defendants.

(1) It is generally understood that the old practice of demanding a bill of particulars of plaintiff's claim, or defendant's set-off, is not essentially interfered with by the Code. The provisions of that document, although loose and indefinite, and by no means as precise and perfect as those of the old system, are presumed still to shadow forth the same regulation generally. Code, sec. 158.   Whether the ancient strictness and severity applied, at *Nisi Prius*, to bills of particulars, is at all retained at the present day, is doubtful; it may well be that the facility of amendment, which is characteristic of the Code in relation to pleadings, may be extended to this proceeding likewise.   I do not think that this subject has fallen under the consideration of the court, and, therefore, still requires its plastic hand.   *Vide* Whittaker's Pract. 225.